IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:22-CV-01935-X |
| MAGICSTAR ARROW ENTERTAINMENT, LLC, MAGICSTAR ARROW, INC., AND CARLOS CRUZ, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANTS' AFFIRMATIVE DEFENSES AND BRIEF IN SUPPORT

Pursuant to FED. R. CIV. P. 12(f), Plaintiff Kelly Crawford, as the receiver of TMTE, Inc., etc. (the "Receiver") respectfully moves the Court to strike certain affirmative defenses asserted by Defendants Magicstar Arrow Entertainment, LLC, Magicstar Arrow, Inc. (collectively, "Magicstar") and Carlos Cruz (Magicstar collectively with Cruz are referenced as "Defendants") [Dkt. 36] and in support respectfully shows the Court as follows:

### SUMMARY

To avoid the prejudice and expense related to discovery, and because the defenses are insufficient as a matter of law and insufficiently pleaded as well, the Receiver moves the Court for an order striking each of Defendants' affirmative defenses, except limitations and good faith/reasonably equivalent value (Third and Seventh defenses) which the Receiver will address on summary judgment.

## BACKGROUND

1.      Pursuant to an order issued in Civil Action No. 3:20-cv-2910-X, *CFTC v. TMTE, et al.,* (the "Underlying Lawsuit"), on September 22, 2020, Kelly Crawford was appointed as the Receiver for numerous entities (the "Receivership Entities"). *See Underlying Lawsuit*, Dkt. 16.

2.      Relying primarily on California's Uniform Fraudulent Transfer Act, CAL. CIV. CODE § 3439(a) et seq. ("CUFTA"),[1] the Receiver seeks to recover Transfers made by the Receivership Entities to the Defendants in fraud of the Receivership Entities' creditors, including the Investors who purchased Precious Metals Bullion from the Receivership Entities. *See Amended Complaint*, Dkt. 35. The factual basis for Defendants' liability is receipt of Transfers made with actual or constructive fraudulent intent by the transferring Receivership Entity, or unjust enrichment based on the Transfers. *Id.* The Receiver contends Cruz individually is liable for Transfers made to Magicstar, based on an alter ego or single enterprise theory.

3.      In response to the Receiver's CUFTA, unjust enrichment and money had and received claims, Defendants filed a motion to dismiss, contending the Receiver's claims were not ripe, that the claims did not satisfy Rule 9(b), that the CUFTA claims were time-barred, that unjust enrichment was not a viable claim, that the Court lacked personal jurisdiction over Cruz, and that the Receiver had failed to plead sufficient facts justifying veil piercing/alter ego/single enterprise liability as to Cruz. Dkt. 9. The Court denied the Motion except with respect to the Receiver's constructive fraud claim and five transfers made before January 24, 2018." Dkt. 24.

4.      Nonetheless, the Court granted the Receiver leave to file an Amended Complaint in which he clarified the basis for his standing. Dkt. 35. On August 11, 2023, Defendants filed their Answer to the Amended Complaint and asserted multiple affirmative defenses, most without any

---

[1] The Receiver also asserts claims for unjust enrichment and money had and received.

factual support providing fair notice of the defense, and all but two of which are inapplicable or insufficient as a matter of law. Dkt. 35.

5.  To avoid the cost and prejudice of discovery related to these defenses and eliminate the cost, necessity and therefore prejudice arising from addressing these inapplicable or otherwise deficient defenses in a summary judgment motion, the Receiver requests that the Court strike the affirmative defenses discussed below.

## ARGUMENT

**A.  Legal Standard**

On its own or pursuant to a motion asserted within 21 days after the pleading at issue is served, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "[A] plaintiff desiring early resolution of an affirmative defense may [invoke Rule 12(f)] to strike it[.]" *C&C Inv. Properties, L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). The court is given considerable discretion in deciding a motion to strike. *US v. Cooney*, 689 F.3d 365, 379 (5th Cir. 2012).

Although the motion is generally disfavored, "a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Rodriguez v. Physician Lab. Services, LLC*, No. 7:13-CV-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir.1982) (citations omitted)). In evaluating whether defenses are insufficient as a matter of law, a court generally considers whether the challenged defenses are inapplicable to the plaintiff's claims and whether the challenged defenses are sufficiently pleaded to provide "fair notice" of their factual basis. *Harrison Co. LLC v. A-Z Wholesalers, Inc.*, No. 3:19-CV-1057-B, 2021 WL 913286, at *2 (N.D. Tex. Mar. 10, 2021); *see also G&G Closed Circuit Events, LLC v. Tejanitos Y Mas, Inc.*, No. 3:20-CV-02836-X, 2021 WL 2377277, at *1 (N.D. Tex. June 10, 2021) (striking limitations

defense as "insufficient and incurable" where pleaded dates and docket demonstrated defense failed); *Horizon AG-Products, Inc. v. Verdesian Life Scis., U.S., LLC*, No. 3:19-CV-722-X, 2020 WL 10895447, at *2-4 (N.D. Tex. Mar. 5, 2020) (striking defenses based on inapplicability and failure to plead such that fair notice was provided).

Defenses pleaded without sufficient factual detail to provide "fair notice"[2] of the factual basis for the defense may also be stricken. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Horizon,* 2020 WL 10895447, at *4 (striking affirmative defenses of fair use, acquiescence and laches, each of which has elements, none of which was pleaded); *Trevino v. RDL Energy Services, L.P.*, No. CV H-14-1936, 2017 WL 1167160, at *4 (S.D. Tex. Mar. 29, 2017) (simply listing defenses, such as waiver, release, unclean hands, and estoppel does not satisfy fair notice requirement).  A 'fact-specific inquiry' governs the inquiry regarding whether an affirmative defense includes the 'minimum particulars' necessary to ensure fair notice. *J&J Sports Productions, Inc. v. Willie Ray's Private Room, Inc*., No. 3:16-cv-1206-D, 2017 WL 514422, at *2 (N.D. Tex. Feb. 8, 2017).

## MOTION TO STRIKE

**A.     Negative or "Non-Affirmative Defense" Defenses**

An affirmative defense is "a defendant's assertion of facts and argument that, if true, will defeat the plaintiff's claim, even if all the allegations in the plaintiff's complaint are true." *Salinas v. State Farm Fire & Cas. Co.*, No. CV B-10-194, 2011 WL 13254062, at *3 (S.D. Tex. Dec. 27,

---

[2] *Woodfield* was decided before the "plausibility" standard announced in *Iqbal* and *Twombly*, and courts are divided on the question of whether "fair notice" or "plausibility" provides the governing standard for affirmative defenses. *See Davis v. Ocwen Loan Servicing LLC*, No. 3:18-CV-2720-B-BN, 2020 WL 1910137, at *3 (N.D. Tex. Jan. 27, 2020), report and recommendation adopted, No. 3:18-CV-2720-B-BN, 2020 WL 880855 (N.D. Tex. Feb. 24, 2020), *aff'd sub nom. Davis v. Ocwen Loan Servicing, L.L.C.,* 855 Fed. Appx. 907 (5th Cir. 2021).  This Court, however, has treated *Woodfield's* holding that affirmative defenses are subject to the same pleading standards governing complaints, as encompassing the *Twombly* and *Iqbal* standard.  *See Horizon AG-Products, Inc.*, 2020 WL 10895447, at *4 ("Regardless, '[a]n affirmative defense is subject to the same pleading requirements as is the complaint.'") (quoting *Woodfield*)).

– 5 –

2011). Defenses that merely deny the existence of an element of the Plaintiff's claim, for instance the absence of damages or no entitlement to attorney's fees, do not qualify as affirmative defenses, and moreover, are redundant of other denials in an answer. *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 2:15-CV-1838-JRG, 2016 WL 7042232, at *2 (E.D. Tex. Apr. 6, 2016); *FTC v. Think All Pub. LLC.*, 564 F. Supp. 2d 663, 666 (E.D. Tex. 2008). As discussed below, Defendants' first and second affirmative defenses, which assert failure to state a claim and the absence of standing are not defenses and should be stricken.

### 1. "Failure to State a Claim"

"Failure to state a claim" is nothing more than "an expression of the name of a defense." *Horizon AG-Products, Inc.* 2020 WL 10895447, at *3; *see also EEOC v. Courtesy Bldg. Services, Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *3 (N.D. Tex. Jan. 21, 2011) (striking "failure to state a claim" pleaded as an affirmative defense). Moreover, with the exception of five transfers not recoverable pursuant to the Receiver's constructive fraud claim based on limitations, the Court has already denied Defendants' motion to dismiss. Dkt. 24. The Court should strike Defendants' 12(b)(6) "defense."

### 2. Absence of Standing

Similarly, the absence of standing is not an affirmative defense. *Miraglia v. Supercuts, Inc.*, No. CV 15-3017, 2015 WL 7451208, at *3 (E.D. La. Nov. 23, 2015). Instead, the Receiver bears the burden of demonstrating standing.[3] *Id.* Well-settled law, coupled with the Order Appointing the Receiver, demonstrate the Receiver's unquestionable standing to assert claims for the benefit of the Receivership Entities' creditors to recover funds transferred by the Receivership Entities.

---

[3] Standing is a component of the "case" and "controversy" requirement for federal jurisdiction. *Tenth St. Residential Ass'n v. City of Dallas, Tex.*, 968 F.3d 492, 499 (5th Cir. 2020).

*Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 192 (5th Cir. 2013); *Zacarias v. Stanford Int'l Bank, Ltd.,* 945 F.3d 883, 899 (5th Cir. 2019) ("There is no dispute that "the receiver . . . had standing to bring their claims . . . [which are] only the claims of the Stanford entities—not of their investors—alleging injury to the Stanford entities, including the unsustainable liabilities inflicted by the Ponzi scheme."); *see also* Dkt. 35 ¶ 1 ("Standing in the Receivership Entities' shoes for purposes of the claims asserted below and for the benefit of the Receivership Entities' defrauded creditors. . . the Receiver seeks to recover the funds fraudulently transferred to the MagicStar Defendants."). The Court should strike Defendants' second affirmative defense.

**B.     Insufficiently Pleaded Defenses**

Most of Defendants' affirmative defenses lack factual explanation or assertions regarding how or why they apply. Dkt. 36, pp. 19-21. Although a few of the defenses arguably require no factual support to provide "fair notice," and therefore plausibility, laches,[4] waiver,[5] estoppel,[6] and res judicata/collateral estoppel[7] have elements and thus require *some* factual basis to satisfy Rule 8.

---

[4] *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989) ("Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay."); *Barfield v. Howard M. Smith Co. of Amarillo*, 426 S.W.2d 834, 840 (Tex. 1968) (application of laches requires "extraordinary circumstances").

[5] *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996) ("waiver" requires intentional relinquishment of a known right, though intentional conduct inconsistent with claiming that right or silence or inaction, for "so long a period as to show an intention to yield the known right.").

[6] *Shields, LP v. Bradberry¸* 526 S.W.3d 471, 486 (Tex. 2017) ("The elements of equitable estoppel are "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations.").

[7] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) ("Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.") (internal quotation omitted)); *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013) ("Collateral estoppel is appropriate where four conditions are met: (i) The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (ii) The issue must have

"Simply alleging that Plaintiff's hands are unclean or identifying a category of misconduct, without explaining what the specific misconduct alleged was, does not give fair notice of the grounds for the defense or explain how the defense might apply in this case." *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 994 (E.D. Cal. 2016).  Thus, even if such defenses were not also legally defective or otherwise inapplicable as discussed below, they are subject to dismissal based on a failure to satisfy Rule 8. *See Woodfield,* 193 F.3d at 362 ("baldly 'naming' the broad affirmative defenses of "accord and satisfaction" and "waiver and/or release" falls well short of the minimum particulars" required to satisfy the pleading standard); *Horizon,* 2020 WL 10895447, at *4 (striking affirmative defenses of fair use, acquiescence and laches, each of which has elements, none of which was pleaded); *Trevino*, 2017 WL 1167160, at *4 (simply listing defenses, such as waiver, release, unclean hands, and estoppel does not satisfy fair notice requirement);  *Rickman v. Moore*, No. 7:16-CV-00025-O, 2016 WL 9527985, at *2 (N.D. Tex. Apr. 25, 2016) (striking "independent cause" defense pleaded without any facts that could support the defense); *O'Hanlon v. J.P. Morgan Chase Bank, N.A.*, No. CV1506640DDPPJWX, 2016 WL 777859, at *4 (C.D. Cal. Feb. 25, 2016) (striking "independent or superseding cause" as an affirmative defense, where pleadings provided no factual basis for who or what such cause was alleged to be).   Because these defenses are inadequately pleaded, Defendants' Fourth (laches), Fifth (waiver), Sixth (estoppel) and Ninth (res judicata) affirmative defenses should be stricken.

---

been fully and vigorously litigated in the prior action; (iii) The issue must have been necessary to support the judgment in the prior case; and (iv) There must be no special circumstance that would render [estoppel] inappropriate or unfair," although the fourth element applies only to "offensive (non-mutual) collateral estoppel by the plaintiff.") (internal quotations omitted)).

## C. Defenses Dependent *In Pari Delicto*

As noted above, Defendants' laches, waiver, and estoppel defenses are inadequately pleaded. More importantly, however, these defenses have no application to the Receiver's claims.

Because each defense implicitly relies upon an assertion that the Receivership Entities' conduct contributed to the harm or bars the Receiver's recovery, estoppel, laches, and failure to mitigate,[8] are species of *in pari delicto*.[9] *See Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955, 965 (5th Cir. 2012) ("[D]octrine of *in pari delicto* . . . embodies the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct, and is undergirded by the concerns, first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality." (internal quotation omitted)); *Janvey v. Willis of Colo. Inc.*, No. 3:13-CV-3980-N, 2014 WL 12670763, at *4 (N.D. Tex. Dec. 5, 2014), *amended sub nom. Official Stanford Inv'rs Comm. v. Willis of Colo., Inc.*, No. 3:13-CV-3980-N, 2015 WL 13742125 (N.D. Tex. Feb. 4, 2015) ("The *in pari delicto* defense 'is based on the common law notion that a plaintiff's recovery may be barred by his own wrongful conduct.'") (quoting *In re Royale Airlines, Inc.*, 98 F.3d 852, 855 (5th Cir. 1996)).

Such defenses, however, are not applicable against a receiver. *SEC v. Am. Capital Investments, Inc.*, 99 F.3d 1146 (9th Cir. 1996) (Equitable defenses are inapplicable against a receiver because he acts for third parties and was not privy to the insolvent institution's inequitable conduct); *Jones*, 666 F.3d at 966 ("Application of *in pari delicto* would undermine one of the

---

[8] Of course, the Receiver *could not* have mitigated the damages at issue here. The conduct underling the Transfers and the Transfers themselves were made by the persons operating the Receivership Entities before the Receiver's appointment. *Complaint*, ¶ 1.

[9] To the extent any Defendant intended these defenses to rest upon the Receiver's conduct, they have pleaded no supporting facts making any such distinction.

– 9 –

primary purposes of the receivership established in this case, and would thus be inconsistent with the purposes of the doctrine."); *see also FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995) (*In pari delicto* and equitable defenses do not apply to Receiver as successor in interest because Receiver was "neither a party to the original inequitable conduct nor is it in a position to take action prior to assuming the bank's assets to cure any associated defects or force the bank to pay for incurable defects."); *Resolution Tr. Corp. v. Sands*, 863 F. Supp. 365, 373 (N.D. Tex. 1994) (striking affirmative defenses premised on the conduct of the predecessor entities in whose shoes the plaintiff-conservator stood while asserting the claims); *FDIC v. Isham*, 782 F. Supp. 524, 531 (D. Colo. 1992) (striking various affirmative defenses, including failure to mitigate damages, because such damages are not valid against the FDIC in any capacity, including as receiver). The Court should strike Defendants' equitable affirmative defenses of laches, waiver, estoppel and failure to mitigate damages as inapplicable and legally insufficient.

**D.   Defenses Dependent on Conduct of the Beneficiaries of the Receiver's Claims**

Defendants' Eighth (express contract), Tenth (conduct of others), Eleventh (failure to mitigate) and Twelfth (assumption of the risk) defenses rely on conduct of the creditors and investors for whose benefit the Receiver asserts his claims. Dkt. 36, p. 20. No authority suggests that the conduct of persons whose claims are not asserted has any bearing on the viability of the claims. None of the investors or creditors contracted with Defendants and no conduct of the investors or creditors caused, contributed to, or failed to lessen the Transfers made by the Receivership Entities to Defendants, which the Receiver seeks to recover through his claims. Nor does the existence of any express (although potentially unenforceable) contract between any Receivership Entity and any investor or creditor have any bearing whatsoever on whether Defendants were unjustly enriched by Transfers they received from the Receivership Entities. Any

affirmative defense that relies on conduct of the beneficiaries of the Receiver's claims is insufficient as a matter of law. *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1061 (affirming order striking inapplicable affirmative defense); *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 152 (S.D. Miss. 2018) (striking "employment at will" affirmative defense to ADA claims, where "the Court fails to see how this defense is material or could become so.").

### E.      "Reservation of Rights" Has No Role as an "Affirmative Defense

Finally, in their Thirteenth defense, Defendants reserve their right to supplement and assert additional defenses. Dkt. 36, p. 21. As this Court stated previously when addressing the same "defense," "Verdesian cites no authority that it can take the Court's power to rule on a later motion for leave to add an affirmative defense and keep that power to itself." *Horizon AG-Products, Inc.* 2020 WL 10895447, at *5.  The same is true here, and as in *Horizon*, the Court should strike or otherwise dismiss this affirmative defense.

WHEREFORE, Plaintiff Kelly Crawford requests all of Defendant's affirmative defenses except their Third and Seventh defenses, be stricken, and requests such other and further relief to which he may show himself entitled.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Charlene C. Koonce*
    CHARLENE C. KOONCE
    State Bar No. 11672850
    charlene@brownfoxlaw.com
    Cortney C. Thomas
    State Bar No. 24075153
    cort@brownfoxlaw.com
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    (214) 327-5000 Telephone
    (214) 327-5001 Facsimile

SCHEEF & STONE, LLC,

    PETER LEWIS
    State Bar No. 12302100
    peter.lewis@solidcounsel.com
    500 North Akard, Suite 2700
    Dallas, Texas 75201
    (214) 706-4200 Telephone
    (214) 706-4242 Facsimile

**ATTORNEYS FOR KELLY CRAWFORD, RECEIVER**

## CERTIFICATE OF CONFERENCE

The undersigned confirms that on August 21st and August 23rd counsel for the Receiver conferred with counsel regarding the Motion. Defendants stated they would review the Receiver's position and state whether they were opposed no later than 5:00 p.m. on August 22, 2023, but did not provide such position on the 22nd, or respond to a further email on August 23rd, asking for the same information. The motion is accordingly presumed to be opposed.

    */s/ Charlene C. Koonce*
    CHARLENE C. KOONCE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.