UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1935-X |
| | § | |
| MAGICSTAR ARROW ENTERTAINMENT, LLC, MAGICSTAR ARROW, INC, and CARLOS CRUZ, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Kelly Crawford's Motion to Strike Affirmative Defenses. (Doc. 37). Defendants Magicstar Arrow Entertainment, LLC, Magicstar Arrow, Inc., and Carlos Cruz did not file a response or objection. After careful consideration, and for the reasons below, the Court **GRANTS** Plaintiff's motion. Plaintiff moves to strike all but two of Defendants' affirmative defenses.[1]

Rule 12(f) provides that the Court may strike from a pleading an insufficient or immaterial defense.[2] "To the extent the parties dispute whether the pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, the Northern

[1] Doc. 37 at 1 (moving to strike each of Defendants' affirmative defenses, except the third (limitations) and seventh (good faith/reasonably equivalent value) defenses.

[2] FED. R. CIV. P. 12(f).

District of Texas squarely has held that they do not."[3] Instead, the proper standard is that a defendant must plead with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense advanced that is being advanced."[4] Motions to strike are generally disfavored; however, a Rule 12(f) motion is proper "when the defense is insufficient as a matter of law."[5] The Court has broad discretion to determine whether the challenged matter should be struck.[6]

The first batch of defenses that Plaintiff seeks to strike are the "Negative or 'Non-Affirmative Defense' Defenses."[7] Specifically, Plaintiff moves to strike the first defense "fail[ure] to state a claim" and second defense "lack[ of] standing."[8] Defendants provided no explanation, and, as such, those defenses are insufficient. As this Court previously held, a "simple assertion of a 'failure to state a claim' is broad and unclear and . . . just an expression of the name of the defense . . . [i]t gives no notice as to what the nature of the defense may be."[9] "[G]iven that there are nineteen affirmative defenses listed in rule 8(c), as well as other deficiencies that can cause failure to state a claim, the defendant must provide at least some information that

---

[3] *Rickman v. Moore*, No. 7:16-CV-00025-O, 2016 WL 9527985, at *2 (N.D. Tex. Apr. 25, 2016) (O'Connor, J.) (cleaned up).

[4] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (cleaned up).

[5] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982).

[6] *Horizon AG-Products, Inc. v. Verdesian Life Sci., U.S., LLC*, No. 3:19-CV-722-X, 2020 WL 10895447, at *2 (N.D. Tex. Mar. 5, 2020) (Starr, J.).

[7] Doc. 37 at 4.

[8] *Id.* at 5–6.

[9] *Horizon*, 2020 WL 10895447, at *3; *see also E.E.O.C. v. Courtesy Bldg. Servs. Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *3 (N.D. Tex. Jan. 21, 2011) (Fitzwater, J.).

alerts the plaintiff to what the alleged problem is [at the pleadings stage]."[10] Further, "failure to state a claim" sounds a lot like a claim in a 12(b)(6) motion—which the Court already denied in this case.[11] The Court therefore **GRANTS** the motion to strike as to the first and second defenses.

The second batch of defenses are those Plaintiff deems are "Insufficiently Pleaded Defenses."[12] These defenses are Defendants' fourth (laches), fifth (waiver), sixth (estoppel), and ninth (res judicata).[13] Defendants merely named these defenses in their answer.[14] While "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient," an affirmative defense needs to provide "the minimum particulars needed to identify the affirmative defense in question and thus notify [the defendant]."[15] Here, "simply naming the broad affirmative defenses"[16] of laches, waiver, estoppel, and res judicata "falls well short"[17] of that which is required to

[10] *Lebouef v. Island Operating Co.*, 342 Fed. Appx. 983, 985 (5th Cir. 2009).

[11] Doc. 24 (denying motion to dismiss except as to Receiver's constructive fraudulent transfer claim for five unrecoverable transfers due to limitations).

[12] Doc. 37 at 6.

[13] *Id.* at 7.

[14] *See* Doc. 36 at 19–20.

[15] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

[16] *See Horizon*, 2020 WL 10895447, at *4 (striking defendant's generic affirmative defenses of fair use, acquiescence, and laches)(cleaned up).

[17] *Woodfield*, 193 F.3d at 362.

identify the affirmative defense.[18] As a result, the Court **STRIKES** Defendants' fourth, fifth, sixth, and ninth affirmative defenses.[19]

The next group of defenses the Plaintiff moves to strike are "Defenses Dependent on Conduct of the Beneficiaries of the Receiver's Claims." As the Plaintiff puts it, "Defendants' Eighth (express contract), Tenth (conduct of others), Eleventh (failure to mitigate), and Twelfth (assumption of risk) defenses rely on conduct of the creditors and investors for whose benefit the Receiver asserts his claims."[20] Let's break this down. Defendants' eighth defense relates to investors: "The Receiver's unjust enrichment and money had and received claims are barred by the existence of an express contract covering the sale of gold and silver bullion to investors of the Receivership Defendants."[21] As the Court sees it, whether there was a contract between a Receivership Entity and an investor does not affect whether a Receivership Entity was unjustly enriched by ill-gotten funds. Defendants' tenth, eleventh, and twelfth defenses relate to creditors and allege that any injuries sustained by the

---

[18] *See Mary Kay, Inc. v. Dunlap*, No. 3:12-CV-0029-D, 2012 WL 2358082, at *9 (N.D. Tex. June 21, 2012) (Fitzwater, J.) (striking affirmative defenses of estoppel, ratification and waiver because Defendant "ha[d] not pleaded the 'minimum particulars' that are necessary to provide fair notice."); *Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06-CV-0949-G, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (Fish, J.) (striking affirmative defenses of waiver, estoppel, ratification, laches, and unclean hands where mere labels did not provide plaintiff fair notice of defenses being advanced).

[19] The Court notes that Plaintiff provides an additional ground for striking the fourth (laches), fifth (waiver), sixth (estoppel), and eleventh (failure to mitigate damages) defenses. Plaintiff claims that those defenses are legally insufficient and inapplicable because they fall under the doctrine of *in pari delicto* as "each defense implicitly relies upon an assertion that the Receivership Entities' conduct contributed to the harm or bars the recovery." Doc. 37 at 8. Plaintiff cited a receivership example from this Circuit—albeit at the summary-judgment stage—that found that "[a]pplication of *in pari delicto* would undermine one of the primary purposes of the receivership established in this case." *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955, 966 (5th Cir. 2012). Because the Court strikes these defenses on other grounds, it need not address this argument.

[20] Doc. 37 at 9.

[21] Doc. 36 at 20.

creditors "were caused by the intentional or negligent conduct of others," that the creditors "failed to mitigate damages," and that the creditors "assumed the risk of loss in their investments."[22] Plaintiff argues that no conduct by creditors or investors "caused" or "contributed to" the fraudulent transfers.[23] The Court agrees. Though striking pleadings for being immaterial is disfavored,[24] the Court also finds that the eighth, tenth, eleventh, and twelfth defenses aren't pled with adequate specificity to give the plaintiff "fair notice." The Court therefore **GRANTS** the motion to strike as to the eighth, tenth, eleventh, and twelfth defenses.

And finally, Plaintiff moves to strike Defendants' thirteenth defense of "reservation of rights."[25] As this Court previously held, Defendants "cite[] no authority that it can take the Court's power to rule on a later motion for leave to add an affirmative defense and keep that power to itself."[26] "If discovery uncovers an additional affirmative defense [Defendants] [are] currently unaware of, [they] may file an appropriate motion for leave at that time."[27] The Court therefore **GRANTS** the motion to strike as to the thirteenth defense.

Accordingly, the Court **GRANTS** Plaintiff's motion to strike, and, as such, Defendants' first, second, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth affirmative defenses are **STRUCK**.

---

[22] *See id.*

[23] Doc. 37 at 9.

[24] *Courtesy Bldg. Servs. Inc.*, 2011 WL 208408, at *1.

[25] Doc. 37 at 10.

[26] *Horizon*, 2020 WL 10895447, at *5.

[27] *Id.*

**IT IS SO ORDERED** this 14th day of December, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE